# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Opening a Private Road        :
for the Benefit of Timothy P. O'Reilly   :
Over Lands of (a) Hickory on the Green  :
Homeowners Association, and (b) Mary   :
Lou Sorbara; Gregory E. Burgunder;   :
Ann E. Cain; Don E. Cottrill & Norma J. :
Cottrill, h/w; Joseph K. Cupples; James D. :
Dragoo & Linda J. Dragoo, h/w; Kimberly :
M. Fonzi; Brian J. Gallagher & Diane J.   :
Gallagher, h/w; Dolores M. Gembarosky;  :
Michael J. Gralish, Jr. & Virginia A. Gralish,:
h/w; James Battista; Jeffery W. Hutchens;  :
Michael Steinberg; George E. Wilmot &   :
Linda M. Wilmot, h/w; Harry J. Lee, Jr.;  :
John G. Byrne; S. Greg Malone; Joseph V. :
Mazur & Kelly L. Poole; Thomas C. Schaal :
& Patty G. Schaal, h/w; Regis G.         :
Niederberger & Kathleen Niederberger, h/w;:
Gordon J. Orr; Anne M. Paul; Thomas G.  :
Porter & Melinda D. Porter, h/w; Joseph   :
Alan Shrager; Eric H. Rittenhouse &    :
Danielle L. Rittenhouse, h/w; Lisa A.    :
Cusick; Jerome Schmier & Carol Falo,   :
h/w; Nancy J. Huff; Marcus A. Spatafore & :
Kristin C. Spatafore, h/w; William E.    :
Sprecher & Marcellene Sprecher, h/w, and :
Frank J. Sprecher & Agnes E. Sprecher,  :
h/w, life estate; Roxanne M. Squillante;  :
Susan C. Stanko; Shanan R. Stewart;    :
Gerald W. Danhires & Linda Danhires,   :
h/w; Gregory Taylor; Giana M. Yeckley;  :
Dennis M. Zamerski & Noreen Zamerski,  :
h/w; Betty B. Williams & Leon        :
Williams (Co-Trustees); Micheline Stabile; :
William F. Pitzer; Janet Zewe; Franki R.  :
Colangelo; Karen R. Billingham; Roman M. :
Hlutkowski; Virginia L. Knaus, Trustee   :
Under Qualified Personal Residence Trust  :
Agreement, dated July 27, 2000; Joan L.  :
Massella; Donna Durkan; Geraldine R.   :

Altenhof; Aprajita Rathore & Ravi                    :
Ramamoorthy, h/w; James E. Spence &                  :
Kathy F. Spence, h/w; Tracy West Maone;              :
Jennifer A. Callery; The Judith F. Koblitz           :
Trust; Adrianna F. Viola; Dorothy D.                 :
Wagner; Spitzig Living Trust and William             :
A. Spitzig and Marilyn J. Spitzig (Trustees);        :
Sandra Jean Hanson, Thomas C. Skena;                 :
Zaraf Moshin; Paul W. Amic & Carole L.               :
Amic, h/w; Margaret M. Showalter; James              :
P. Flannery & Patricia C. Flannery, h/w;             :
Deborah A. Gertz; Carol L. Schartner; John           :
A. Udischas & Susan C. Udischas, h/w;                :
Donna M. Bartko; Kyli J. Martin;                     :
Frederick Rapone Sr. & Roberta Rapone,               :
h/w; Amy R. Solomon; Richard M. Buck &               :
Barbara L. Buck, h/w; Arlene Lipton;                 :
William G. Eiler; Catherine M. Smith;                :
David J. Carroll; Mildred K. Fincke;                 :
Margaret M. Cornelluis; Joseph A. Testa              :
& Margaret J. Testa, h/w; Candace L.                 :
Salvini; A. Whitney Lobdell & Roberta S.             :
Lobdell, h/w; Ronald G. Bauer & Teresa L.            :
Bauer, h/w; Anna Marie Cimarolli; Jor R.             :
Palmer & Ann D. Palmer, h/w; Rita V.                 :
Frizlen; Joseph J. Astorino & Marilyn                :
Astorino, h/w; Thomas S. Phillips;                   :
John A. Gercher; Naomi H. Patton;                    :
Stanley A. Hack & Christine E. Hack, h/w;            :
Melissa J. Schiller & Melanie M. Schiller;           :
John Schlater & Paulette Schlater, h/w;              :
William J. Garrity, Sr. & Patricia Ann               :
Garrity, h/w; Archie L. McIntyre;                    :
Clarence Joseph Welter & Mara Welter,                :
h/w; Lisbeth A. Dineen; Charles W. Fetrow            :
& Margaret A. Fetrow, h/w; Jocelyn                   :
Breakwell; Mark A. Petrozza & Dorothy M.             :
Petrozza, h/w; Jamie A. Brace, as their              :
interest may appear;                                 :
                                                     :
Timothy P. O'Reilly,                                 :
                          Appellant                  :
                                                     :

|                                                                                              |   |                                                 |
|----------------------------------------------------------------------------------------------|---|-------------------------------------------------|
| v.                                                                                           | : | No. 520 C.D. 2013                               |
|                                                                                              | : | Argued: November 13, 2013                       |
| (a) Hickory on the Green Homeowners Association, and (b) Mary Lou Sorbara; Gregory E. Burgunder; Ann E. Cain; Don E. Cottrill & Norma J. Cottrill, h/w; Joseph K. Cupples; James D. Dragoo & Linda J. Dragoo, h/w; Kimberly M. Fonzi; Brian J. Gallagher & Diane J. Gallagher, h/w; Dolores M. Gembarosky; Michael J. Gralish, Jr. & Virginia A. Gralish, h/w; James Battista; Jeffery W. Hutchens; Michael Steinberg; George E. Wilmot & Linda M. Wilmot, h/w; Harry J. Lee, Jr.; John G. Byrne; S. Greg Malone; Joseph V. Mazur & Kelly L. Poole; Thomas C. Schaal & Patty G. Schaal, h/w; Regis G. Niederberger & Kathleen Niederberger, h/w; Gordon J. Orr; Anne M. Paul; Thomas G. Porter & Melinda D. Porter, h/w; Joseph Alan Shrager; Eric H. Rittenhouse & Danielle L. Rittenhouse, h/w; Lisa A. Cusick; Jerome Schmier & Carol Falo, h/w; Nancy J. Huff; Marcus A. Spatafore & Kristin C. Spatafore, h/w; William E. Sprecher & Marcellene Sprecher, h/w, and Frank J. Sprecher & Agnes E. Sprecher, h/w, life estate; Roxanne M. Squillante; Susan C. Stanko; Shanan R. Stewart; Gerald W. Danhires & Linda Danhires, h/w; Gregory Taylor; Giana M. Yeckley; Dennis M. Zamerski & Noreen Zamerski, h/w; Betty B. Williams & Leon Williams (Co-Trustees); Micheline Stabile; William F. Pitzer; Janet Zewe; Frank R. Colangelo; Karen R. Billingham; Roman M. Hlutkowski; Virginia L. Knaus, Trustee Under Qualified Personal Residence Trust Agreement, dated July 27, 2000; Joan L. Massella; Donna Durkan; Geraldine R. Altenhof; Aprajita Rathore & Ravi Ramomoorthy, h/w; James E. Spence & Kathy F. Spence, h/w; Tracy West Maone; | : | |

Jennifer A. Callery; The Judith F.          :
Koblitz Trust; Adrianna F. Viola; Dorothy   :
D. Wagner; Spitzig Living Trust and         :
William A. Spitzig and Marilyn J. Spitzig   :
(Trustees); Sandra Jean Hanson, Thomas C.   :
Skena; Zaraf Moshin; Paul W. Amic &         :
Carole L. Amic, h/w; Margaret M.            :
Showalter; James P. Flannery &              :
Patricia C. Flannery, h/w; Deborah A. Gertz;:
Carol L. Schartner; John A. Udischas &      :
Susan C. Udischas, h/w; Donna M. Bartko;    :
Kyli J. Martin; Frederick Rapone Sr. &      :
Roberta Rapone, h/w; Amy R. Solomon;        :
Richard M. Buck & Barbara L. Buck, h/w;     :
Arlene Lipton; William G. Eiler;            :
Catherine M. Smith; David J. Carroll;       :
Mildred K. Fincke; Margaret M. Cornelluis;  :
Joseph A. Testa & Margaret J. Testa, h/w;   :
Candace L. Salvini; A. Whitney Lobdell &    :
Roberta S. Lobdell, h/w; Ronald G. Bauer    :
& Teresa L. Bauer, h/w; Anna Marie          :
Cimarolli; Jor R. Palmer & Ann D. Palmer,   :
h/w; Rita V. Frizlen; Joseph J. Astorino &  :
Marilyn Astorino, h/w; Thomas S. Phillips;  :
John A. Gercher; Naomi H. Patton;           :
Stanley A. Hack & Christine E. Hack, h/w;   :
Melissa J. Schiller & Melanie M. Schiller;  :
John Schlater & Paulette Schlater, h/w;     :
William J. Garrity, Sr. & Patricia Ann      :
Garrity, h/w; Archie L. McIntyre; Clarence  :
Joseph Welter & Mara Welter, h/w;           :
Lisbeth A. Dineen; Charles W. Fetrow &      :
Margaret A. Fetrow, h/w; Jocelyn            :
Breakwell; Mark A. Petrozza & Dorothy       :
M. Petrozza, h/w; Jamie A. Brace, as their  :
interest may appear                         :

**OPINION**

**PER CURIAM**                                      **FILED:  August 27, 2014**


This case has a long and somewhat tortured history. It was argued before the court en banc, along with two other cases which are being filed concurrently, *Groner v. Kasmoch*, No. 1628 C.D. 2012, and *Raap v. Waltz*, No. 975 C.D. 2012. All involve constitutional challenges to the law commonly known as the Private Road Act.[1] The decisions in these cases will be issued concurrently, with this case designated as the lead opinion.

Timothy O'Reilly owns two parcels of land which were bisected in 1963 by the construction of I-79, causing one portion of each parcel to become landlocked. O'Reilly obtained one parcel in 1973 and the other in 1986. After a nearby public road [Clubview Drive] running through the Hickory on the Green subdivision was accepted by Fayette Township in 2001, O'Reilly filed a petition under the Act to open a private road. The road would provide access between his land and Clubview Drive, across the land of Hickory and another privately owned parcel lying between his and Hickory's. The Hickory on the Green Homeowner's Association filed preliminary objections challenging the constitutionality of the Act. It argued that the Act authorized takings that were unconstitutional because they were for private, not public, use.[2]  The Court of Common Pleas of Allegheny

---

[1] Act of June 13, 1836, P.L. 551, *as amended,* 36 P.S. §§ 2731-2891. Section 11 of the Private Road Act provides that a landowner may petition the court for the appointment of a board of viewers to evaluate a proposed private road that will connect a landowner's property to a highway.  36 P.S. § 2731

[2] Specifically, the Association cited to the Fifth Amendment of the United States Constitution, which states, in part, "nor shall private property be taken for public use, without **(Footnote continued on next page…)**

County overruled the objections, and this court affirmed in an opinion by [now President] Judge Pellegrini, finding ample public purpose in providing access to landlocked properties. *In re Opening a Private Rd. (O'Reilly)*, 954 A.2d 57 (Pa. Cmwlth. 2008) [*O'Reilly I*]. Our Supreme Court reversed and remanded for further review. *In re Opening a Private Rd. (O'Reilly),* 5 A.3d 246 (Pa. 2010) [*O'Reilly II*]. In reversing, our Supreme Court did not hold the Act to be facially unconstitutional, but rather clarified the "public purpose" standard. It began by noting that private road actions are not exercises of the police power, but takings which are subject to the same constitutional restrictions as takings under eminent domain.

Specifically, the Court emphasized that the applicable standard in this case was the one articulated in *Middletown Township v. Lands of Stone*, 939 A.2d 331 (Pa. 2007): that takings must have a public purpose and that a public purpose exists only when the public is "the primary and paramount beneficiary" of the taking. *O'Reilly II*, 5 A.3d at 258 (*citing Lands of Stone*, 939 A.2d at 337). The Court remanded for consideration of whether, in this case, the public was the primary and paramount beneficiary. In remanding, our Supreme Court stated:

_____

**(continued…)**

just compensation," as well as Article I, Section I of the Pennsylvania Constitution, which provides:

> All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

In addition, the Association cited Article I, Section 10 of the Pennsylvania Constitution, which provides, in part: "nor shall private property be taken or applied to public use, without authority of law and without just compensation being first made or secured."

2

Perhaps the most compelling assertions advanced by Appellee [O'Reilly] lie in the purported interrelation between the Commonwealth's initial exercise of its eminent domain power to construct an interstate highway-which apparently isolated Appellee's property from access to public roads-and Appellee's subsequent invocation of the PRA to restore access. In light of the course this appeal has taken, however, potentially relevant details (for example, whether Appellee's use of the PRA to restore access to the property was contemplated at the time the Commonwealth removed it, and whether Appellee acted with reasonable promptitude such that the two takings reasonably might be regarded as an interconnected course of events) are not well developed before this Court. Accordingly, we will return the matter to the Commonwealth Court to consider this and any remaining matters which have been raised and preserved for judicial review and which may bear on whether the public is fairly regarded as the primary and paramount beneficiary.

*Id.* at 258-59. On remand, this court held:

In examining the record, however, we are convinced that we do not have enough information to determine whether the public would be the primary and paramount beneficiary of the taking in this case. There are a number of reasons for this: this case is before us on appeal from preliminary objections, so there is no factual record; the parties' pleadings did not specifically address the standard that our Supreme Court has now made clear applies; and there is nothing even in the pleadings relating to the issue of the highway condemnation raised by our Supreme Court.

We therefore will remand this case to the court of common pleas to hold a hearing, make findings of fact, and consider these issues. At this hearing, the court should consider not only evidence presented by the parties about the alleged highway taking that caused the parcel at issue to become landlocked, but also any other evidence relevant to determining who the primary and paramount beneficiary of the proposed taking would be.

3

*In re Opening a Private Rd.( O'Reilly)*, 22 A.3d 291 (Pa. Cmwlth. 2013) [*O'Reilly III*].

Following discovery and a hearing, the trial court focused primarily on the details suggested by our Supreme Court as possibly relevant and found, *inter alia*, that O'Reilly's predecessors in title were compensated in the eminent domain proceedings for the fact that a portion of each parcel had become landlocked; that there is no evidence that, at the time of the taking, either these landowners or the Commonwealth contemplated landowner's use of the Act to gain access to the landlocked parcels; use of the Act to obtain access was impractical until the construction of Clubview Drive; and O'Reilly did not present evidence of his intended use for the landlocked property. Common pleas concluded that, "the fact that a petition was not filed until 2004 is consistent with a conclusion that use of the Act was not contemplated at the time of the condemnation," and that, although O'Reilly's delay in invoking the Act was reasonable in light of the circumstances, the forty year delay was consistent with a conclusion "that the two events are not interconnected in the manner deemed by the Supreme Court to support a finding that the primary benefit" of the establishment of the private road was the public's use of I-79. Thus, common pleas held "although we find that the public at large would derive a benefit from the opening of the proposed private road that might equal the benefit conferred upon the Petitioner, the evidence does not support a finding that the public would be the 'primary and paramount' beneficiary." (Opinion, March 5, 2013, at pp. 14, 16). Accordingly, common pleas sustained the preliminary objections and dismissed O'Reilly's petition.

O'Reilly has now again appealed to this court. He argues that common pleas' focus on the parties' contemplation at the time of the taking and

4

the forty year delay between the I-79 construction and O'Reilly's resort to the Act are immaterial. He points out that the delay was reasonable, given the change of ownership, the lack of need for prompt action because of the continuing availability of the Act, and because acquiring access under the Act became feasible only in 2001 after Clubhouse Drive was constructed and was accepted as a public road. He argues that it is undisputed that the property became landlocked solely by the exercise of eminent domain for the construction of I-79, of which the public was clearly the primary and paramount beneficiary, and that should be the end of the inquiry. He relies on cases from other states which have not found the passage of time to be a bar to recovery under similar statutes, and on the opinion of the three judge panel of this court, later withdrawn, in *Raap v. Waltz,* (Pa. Cmwlth. No. 975 C.D. 2012), filed March 15, 2013, reargument granted March 29, 2013.[3]

However persuasive we might find these arguments if we were writing on a clean slate, they must fail in light of the clear directive of our Supreme Court, which was aware of, but did not find sufficient public purpose in, the simple fact that a public project had caused the property to be landlocked in the first place. It suggested only that a public purpose might be found if the original taking and the use of the Act were an "interconnected course of events," and cited as relevant factors both contemplation of resort to the Act by the parties at the time of the taking and the property owner's "reasonable promptitude" in taking such action. Here, the trial court, in accordance with our remand instructions, gave the parties an opportunity to develop and present evidence on these and any other factors they deemed relevant. The court analyzed the very factors cited by our Supreme Court

---

[3]As noted above, *Raap* was reargued en banc, contemporaneously with the argument of this appeal.

5

as relevant and found that O'Reilly had failed to meet his burden. We discern no error and, therefore, affirm its decision.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Opening a Private Road :
for the Benefit of Timothy P. O'Reilly :
Over Lands of (a) Hickory on the Green :
Homeowners Association, and (b) Mary :
Lou Sorbara; Gregory E. Burgunder; :
Ann E. Cain; Don E. Cottrill & Norma J. :
Cottrill, h/w; Joseph K. Cupples; James D. :
Dragoo & Linda J. Dragoo, h/w; Kimberly :
M. Fonzi; Brian J. Gallagher & Diane J. :
Gallagher, h/w; Dolores M. Gembarosky; :
Michael J. Gralish, Jr. & Virginia A. Gralish,:
h/w; James Battista; Jeffery W. Hutchens; :
Michael Steinberg; George E. Wilmot & :
Linda M. Wilmot, h/w; Harry J. Lee, Jr.; :
John G. Byrne; S. Greg Malone; Joseph V. :
Mazur & Kelly L. Poole; Thomas C. Schaal :
& Patty G. Schaal, h/w; Regis G. :
Niederberger & Kathleen Niederberger, h/w;:
Gordon J. Orr; Anne M. Paul; Thomas G. :
Porter & Melinda D. Porter, h/w; Joseph :
Alan Shrager; Eric H. Rittenhouse & :
Danielle L. Rittenhouse, h/w; Lisa A. :
Cusick; Jerome Schmier & Carol Falo, :
h/w; Nancy J. Huff; Marcus A. Spatafore & :
Kristin C. Spatafore, h/w; William E. :
Sprecher & Marcellene Sprecher, h/w, and :
Frank J. Sprecher & Agnes E. Sprecher, :
h/w, life estate; Roxanne M. Squillante; :
Susan C. Stanko; Shanan R. Stewart; :
Gerald W. Danhires & Linda Danhires, :
h/w; Gregory Taylor; Giana M. Yeckley; :
Dennis M. Zamerski & Noreen Zamerski, :
h/w; Betty B. Williams & Leon :
Williams (Co-Trustees); Micheline Stabile; :
William F. Pitzer; Janet Zewe; Franki R. :
Colangelo; Karen R. Billingham; Roman M. :
Hlutkowski; Virginia L. Knaus, Trustee :
Under Qualified Personal Residence Trust :
Agreement, dated July 27, 2000; Joan L. :
Massella; Donna Durkan; Geraldine R. :

Altenhof; Aprajita Rathore & Ravi                  :
Ramamoorthy, h/w; James E. Spence &                :
Kathy F. Spence, h/w; Tracy West Maone;            :
Jennifer A. Callery; The Judith F. Koblitz         :
Trust; Adrianna F. Viola; Dorothy D.               :
Wagner; Spitzig Living Trust and William           :
A. Spitzig and Marilyn J. Spitzig (Trustees); :
Sandra Jean Hanson, Thomas C. Skena;               :
Zaraf Moshin; Paul W. Amic & Carole L.             :
Amic, h/w; Margaret M. Showalter; James            :
P. Flannery & Patricia C. Flannery, h/w;           :
Deborah A. Gertz; Carol L. Schartner; John    :
A. Udischas & Susan C. Udischas, h/w;              :
Donna M. Bartko; Kyli J. Martin;                   :
Frederick Rapone Sr. & Roberta Rapone,             :
h/w; Amy R. Solomon; Richard M. Buck &        :
Barbara L. Buck, h/w; Arlene Lipton;               :
William G. Eiler; Catherine M. Smith;              :
David J. Carroll; Mildred K. Fincke;               :
Margaret M. Cornelluis; Joseph A. Testa            :
& Margaret J. Testa, h/w; Candace L.               :
Salvini; A. Whitney Lobdell & Roberta S.           :
Lobdell, h/w; Ronald G. Bauer & Teresa L.          :
Bauer, h/w; Anna Marie Cimarolli; Jor R.           :
Palmer & Ann D. Palmer, h/w; Rita V.               :
Frizlen; Joseph J. Astorino & Marilyn              :
Astorino, h/w; Thomas S. Phillips;                 :
John A. Gercher; Naomi H. Patton;                  :
Stanley A. Hack & Christine E. Hack, h/w;     :
Melissa J. Schiller & Melanie M. Schiller;         :
John Schlater & Paulette Schlater, h/w;            :
William J. Garrity, Sr. & Patricia Ann             :
Garrity, h/w; Archie L. McIntyre;                  :
Clarence Joseph Welter & Mara Welter,              :
h/w; Lisbeth A. Dineen; Charles W. Fetrow     :
& Margaret A. Fetrow, h/w; Jocelyn                 :
Breakwell; Mark A. Petrozza & Dorothy M.      :
Petrozza, h/w; Jamie A. Brace, as their            :
interest may appear;                               :
                                                   :
Timothy P. O'Reilly,                               :
     Appellant          :
                                                   :

v.                                    :         No. 520 C.D. 2013
                                      :
(a)Hickory on the Green Homeowners    :
Association, and (b) Mary Lou Sorbara; :
Gregory E. Burgunder; Ann E. Cain;    :
Don E. Cottrill & Norma J. Cottrill, h/w; :
Joseph K. Cupples; James D. Dragoo &  :
Linda J. Dragoo, h/w; Kimberly M. Fonzi; :
Brian J. Gallagher & Diane J. Gallagher, :
h/w; Dolores M. Gembarosky; Michael J. :
Gralish, Jr. & Virginia A. Gralish, h/w; :
James Battista; Jeffery W. Hutchens;   :
Michael Steinberg; George E. Wilmot &  :
Linda M. Wilmot, h/w; Harry J. Lee, Jr.; :
John G. Byrne; S. Greg Malone; Joseph V. :
Mazur & Kelly L. Poole; Thomas C. Schaal :
& Patty G. Schaal, h/w; Regis G.       :
Niederberger & Kathleen Niederberger,  :
h/w; Gordon J. Orr; Anne M. Paul;      :
Thomas G. Porter & Melinda D. Porter,  :
h/w; Joseph Alan Shrager; Eric H.      :
Rittenhouse & Danielle L. Rittenhouse, h/w; :
Lisa A. Cusick; Jerome Schmier & Carol :
Falo, h/w; Nancy J. Huff; Marcus A.    :
Spatafore & Kristin C. Spatafore, h/w; :
William E. Sprecher & Marcellene       :
Sprecher, h/w, and Frank J. Sprecher & :
Agnes E. Sprecher, h/w, life estate; Roxanne :
M. Squillante; Susan C. Stanko; Shanan R. :
Stewart; Gerald W. Danhires & Linda    :
Danhires, h/w; Gregory Taylor; Giana M. :
Yeckley; Dennis M. Zamerski & Noreen   :
Zamerski, h/w; Betty B. Williams &     :
Leon Williams (Co-Trustees); Micheline :
Stabile; William F. Pitzer; Janet Zewe; :
Frank R. Colangelo; Karen R. Billingham; :
Roman M. Hlutkowski; Virginia L. Knaus, :
Trustee Under Qualified Personal Residence :
Trust Agreement, dated July 27, 2000; Joan :
L. Massella; Donna Durkan; Geraldine R. :
Altenhof; Aprajita Rathore & Ravi      :
Ramomoorthy, h/w; James E. Spence &    :
Kathy F. Spence, h/w; Tracy West Maone; :

Jennifer A. Callery; The Judith F.   :
Koblitz Trust; Adrianna F. Viola; Dorothy  :
D. Wagner; Spitzig Living Trust and   :
William A. Spitzig and Marilyn J. Spitzig  :
(Trustees) ; Sandra Jean Hanson, Thomas C. :
Skena; Zaraf Moshin; Paul W. Amic &   :
Carole L. Amic, h/w; Margaret M.   :
Showalter; James P. Flannery &   :
Patricia C. Flannery, h/w; Deborah A. Gertz;:
Carol L. Schartner; John A. Udischas &  :
Susan C. Udischas, h/w; Donna M. Bartko;  :
Kyli J. Martin; Frederick Rapone Sr. &  :
Roberta Rapone, h/w; Amy R. Solomon;  :
Richard M. Buck & Barbara L. Buck, h/w;  :
Arlene Lipton; William G. Eiler;   :
Catherine M. Smith; David J. Carroll;  :
Mildred K. Fincke; Margaret M. Cornelluis; :
Joseph A. Testa & Margaret J. Testa, h/w;  :
Candace L. Salvini; A. Whitney Lobdell &  :
Roberta S. Lobdell, h/w; Ronald G. Bauer  :
& Teresa L. Bauer, h/w; Anna Marie   :
Cimarolli; Jor R. Palmer & Ann D. Palmer, :
h/w; Rita V. Frizlen; Joseph J. Astorino &  :
Marilyn Astorino, h/w; Thomas S. Phillips; :
John A. Gercher; Naomi H. Patton;   :
Stanley A. Hack & Christine E. Hack, h/w; :
Melissa J. Schiller & Melanie M. Schiller; :
John Schlater & Paulette Schlater, h/w;  :
William J. Garrity, Sr. & Patricia Ann  :
Garrity, h/w; Archie L. McIntyre; Clarence :
Joseph Welter & Mara Welter, h/w;   :
Lisbeth A. Dineen; Charles W. Fetrow &  :
Margaret A. Fetrow, h/w; Jocelyn   :
Breakwell; Mark A. Petrozza & Dorothy  :
M. Petrozza, h/w; Jamie A. Brace, as their :
interest may appear   :

**PER CURIAM**                    **O R D E R**

        AND NOW, this 27th day of August, 2014, the order of the Court of Common Pleas of Allegheny County in the above-captioned case is AFFIRMED.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Opening a Private Road                    :
for the Benefit of Timothy P. O'Reilly           :
Over Lands of (a) Hickory on the Green           :
Homeowners Association, and (b) Mary             :
Lou Sorbara; Gregory E. Burgunder;               :
Ann E. Cain; Don E. Cottrill & Norma J.          :
Cottrill, h/w; Joseph K. Cupples; James D.       :
Dragoo & Linda J. Dragoo, h/w; Kimberly          :
M. Fonzi; Brian J. Gallagher & Diane J.          :
Gallagher, h/w; Dolores M. Gembarosky;           :
Michael J. Gralish, Jr. & Virginia A. Gralish,   :
h/w; James Battista; Jeffery W. Hutchens;        :
Michael Steinberg; George E. Wilmot &            :
Linda M. Wilmot, h/w; Harry J. Lee, Jr.;         :
John G. Byrne; S. Greg Malone; Joseph V.         :
Mazur & Kelly L. Poole; Thomas C. Schaal         :
& Patty G. Schaal, h/w; Regis G.                 :
Niederberger & Kathleen Niederberger, h/w;       :
Gordon J. Orr; Anne M. Paul; Thomas G.           :
Porter & Melinda D. Porter, h/w; Joseph          :
Alan Shrager; Eric H. Rittenhouse &              :
Danielle L. Rittenhouse, h/w; Lisa A.            :
Cusick; Jerome Schmier & Carol Falo,             :
h/w; Nancy J. Huff; Marcus A. Spatafore &        :
Kristin C. Spatafore, h/w; William E.            :
Sprecher & Marcellene Sprecher, h/w, and         :
Frank J. Sprecher & Agnes E. Sprecher,           :
h/w, life estate; Roxanne M. Squillante;         :
Susan C. Stanko; Shanan R. Stewart;              :
Gerald W. Danhires & Linda Danhires,             :
h/w; Gregory Taylor; Giana M. Yeckley;           :
Dennis M. Zamerski & Noreen Zamerski,            :
h/w; Betty B. Williams & Leon                    :
Williams (Co-Trustees); Micheline Stabile;       :
William F. Pitzer; Janet Zewe; Franki R.         :
Colangelo; Karen R. Billingham; Roman M.         :
Hlutkowski; Virginia L. Knaus, Trustee           :
Under Qualified Personal Residence Trust         :
Agreement, dated July 27, 2000; Joan L.          :
Massella; Donna Durkan; Geraldine R.             :
Altenhof; Aprajita Rathore & Ravi                :
Ramamoorthy, h/w; James E. Spence &              :

Kathy F. Spence, h/w; Tracy West Maone;  :
Jennifer A. Callery; The Judith F. Koblitz  :
Trust; Adrianna F. Viola; Dorothy D.  :
Wagner; Spitzig Living Trust and William  :
A. Spitzig and Marilyn J. Spitzig (Trustees); :
Sandra Jean Hanson, Thomas C. Skena;  :
Zaraf Moshin; Paul W. Amic & Carole L.  :
Amic, h/w; Margaret M. Showalter; James  :
P. Flannery & Patricia C. Flannery, h/w;  :
Deborah A. Gertz; Carol L. Schartner; John  :
A. Udischas & Susan C. Udischas, h/w;  :
Donna M. Bartko; Kyli J. Martin;  :
Frederick Rapone Sr. & Roberta Rapone,  :
h/w; Amy R. Solomon; Richard M. Buck &  :
Barbara L. Buck, h/w; Arlene Lipton;  :
William G. Eiler; Catherine M. Smith;  :
David J. Carroll; Mildred K. Fincke;  :
Margaret M. Cornelluis; Joseph A. Testa  :
& Margaret J. Testa, h/w; Candace L.  :
Salvini; A. Whitney Lobdell & Roberta S.  :
Lobdell, h/w; Ronald G. Bauer & Teresa L.  :
Bauer, h/w; Anna Marie Cimarolli; Jor R.  :
Palmer & Ann D. Palmer, h/w; Rita V.  :
Frizlen; Joseph J. Astorino & Marilyn  :
Astorino, h/w; Thomas S. Phillips;  :
John A. Gercher; Naomi H. Patton;  :
Stanley A. Hack & Christine E. Hack, h/w;  :
Melissa J. Schiller & Melanie M. Schiller;  :
John Schlater & Paulette Schlater, h/w;  :
William J. Garrity, Sr. & Patricia Ann  :
Garrity, h/w; Archie L. McIntyre;  :
Clarence Joseph Welter & Mara Welter,  :
h/w; Lisbeth A. Dineen; Charles W. Fetrow  :
& Margaret A. Fetrow, h/w; Jocelyn  :
Breakwell; Mark A. Petrozza & Dorothy M. :
Petrozza, h/w; Jamie A. Brace, as their  :
interest may appear;  :

Timothy P. O'Reilly,  :
      Appellant  :
   v.  :   No. 520 C.D. 2013
           :   Argued:  November 13, 2013

(a) Hickory on the Green Homeowners : 
Association, and (b) Mary Lou Sorbara; : 
Gregory E. Burgunder; Ann E. Cain; : 
Don E. Cottrill & Norma J. Cottrill, h/w; : 
Joseph K. Cupples; James D. Dragoo & : 
Linda J. Dragoo, h/w; Kimberly M. Fonzi; : 
Brian J. Gallagher & Diane J. Gallagher, : 
h/w; Dolores M. Gembarosky; Michael J. : 
Gralish, Jr. & Virginia A. Gralish, h/w; : 
James Battista; Jeffery W. Hutchens; : 
Michael Steinberg; George E. Wilmot & : 
Linda M. Wilmot, h/w; Harry J. Lee, Jr.; : 
John G. Byrne; S. Greg Malone; Joseph V. : 
Mazur & Kelly L. Poole; Thomas C. Schaal : 
& Patty G. Schaal, h/w; Regis G. : 
Niederberger & Kathleen Niederberger, : 
h/w; Gordon J. Orr; Anne M. Paul; : 
Thomas G. Porter & Melinda D. Porter, : 
h/w; Joseph Alan Shrager; Eric H. : 
Rittenhouse & Danielle L. Rittenhouse, h/w; : 
Lisa A. Cusick; Jerome Schmier & Carol : 
Falo, h/w; Nancy J. Huff; Marcus A. : 
Spatafore & Kristin C. Spatafore, h/w; : 
William E. Sprecher & Marcellene : 
Sprecher, h/w, and Frank J. Sprecher & : 
Agnes E. Sprecher, h/w, life estate; Roxanne : 
M. Squillante; Susan C. Stanko; Shanan R. : 
Stewart; Gerald W. Danhires & Linda : 
Danhires, h/w; Gregory Taylor; Giana M. : 
Yeckley; Dennis M. Zamerski & Noreen : 
Zamerski, h/w; Betty B. Williams & : 
Leon Williams (Co-Trustees); Micheline : 
Stabile; William F. Pitzer; Janet Zewe; : 
Frank R. Colangelo; Karen R. Billingham; : 
Roman M. Hlutkowski; Virginia L. Knaus, : 
Trustee Under Qualified Personal Residence : 
Trust Agreement, dated July 27, 2000; Joan : 
L. Massella; Donna Durkan; Geraldine R. : 
Altenhof; Aprajita Rathore & Ravi : 
Ramomoorthy, h/w; James E. Spence & : 
Kathy F. Spence, h/w; Tracy West Maone; : 
Jennifer A. Callery; The Judith F. : 
Koblitz Trust; Adrianna F. Viola; Dorothy : 
D. Wagner; Spitzig Living Trust and :

William A. Spitzig and Marilyn J. Spitzig : (Trustees); Sandra Jean Hanson, Thomas C. : Skena; Zaraf Moshin; Paul W. Amic & : Carole L. Amic, h/w; Margaret M. : Showalter; James P. Flannery & : Patricia C. Flannery, h/w; Deborah A. Gertz;: Carol L. Schartner; John A. Udischas & : Susan C. Udischas, h/w; Donna M. Bartko; : Kyli J. Martin; Frederick Rapone Sr. & : Roberta Rapone, h/w; Amy R. Solomon; : Richard M. Buck & Barbara L. Buck, h/w; : Arlene Lipton; William G. Eiler; : Catherine M. Smith; David J. Carroll; : Mildred K. Fincke; Margaret M. Cornelluis; : Joseph A. Testa & Margaret J. Testa, h/w; : Candace L. Salvini; A. Whitney Lobdell & : Roberta S. Lobdell, h/w; Ronald G. Bauer : & Teresa L. Bauer, h/w; Anna Marie : Cimarolli; Jor R. Palmer & Ann D. Palmer, : h/w; Rita V. Frizlen; Joseph J. Astorino & : Marilyn Astorino, h/w; Thomas S. Phillips; : John A. Gercher; Naomi H. Patton; : Stanley A. Hack & Christine E. Hack, h/w; : Melissa J. Schiller & Melanie M. Schiller; : John Schlater & Paulette Schlater, h/w; : William J. Garrity, Sr. & Patricia Ann : Garrity, h/w; Archie L. McIntyre; Clarence : Joseph Welter & Mara Welter, h/w; : Lisbeth A. Dineen; Charles W. Fetrow & : Margaret A. Fetrow, h/w; Jocelyn : Breakwell; Mark A. Petrozza & Dorothy : M. Petrozza, h/w; Jamie A. Brace, as their : interest may appear :

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
            HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE ROBERT SIMPSON, Judge
            HONORABLE MARY HANNAH LEAVITT, Judge
            HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE ANNE E. COVEY, Judge

CONCURRING OPINION
BY PRESIDENT JUDGE PELLEGRINI          FILED: August 27, 2014


I join with the concurring opinions by Judges Leadbetter and Brobson but write separately for two reasons.


First, just as the "condemning" of a building because it is ready to fall down is not a "taking" of a property, the establishment of a private road is not a "taking" of property because the owner of landlocked property has an inchoate right to passage over the property of another for access to his or her property.


As explained in our now reversed decision in *Opening Private Road ex rel. O'Reilly*, 954 A.2d 57 (Pa. Cmwlth. 2008), while the present version of the Private Road Act was enacted in 1836, the original version was enacted in 1735 when the Commonwealth of Pennsylvania was still a province and controlled by the heirs of William Penn.[1]  In that 1735 legislation, the Provincial Legislature authorized the laying out of roads at the request of private individuals to access public roads, finding that the lack of access was not only burdensome to the person who desired the private road but to the public as well.  All sales of land by the heirs of William Penn or from the Commonwealth, after the end of the Proprietorship,

---

[1] When the Private Roads Act was enacted in 1836, Article IX, §X of the 1790 Constitution required that for a condemning authority to take property, the owner of the property had to *consent* to the taking, providing that "nor shall any man's property be taken or applied to public use without the consent of his representatives and without just compensation being made." Given the history of the way land was conveyed by the Proprietorship and later the Commonwealth, the Private Road Act of 1836 was not a taking because a private road could be established without consent of those whose lands the private roads traversed.

were sold with the condition that a purchaser could establish a private road to access a public road.  It cannot be considered a "taking" if your predecessor in title agreed that there was to be an encumbrance for the creation of a private road.

The necessity that led to the finding that it would be "burdensome to the public" not to have a procedure to establish private roads embodied in the Private Roads Act of 1836 requires an understanding of the way land was originally conveyed to private parties.  From the beginning of William Penn's Proprietorship, lands were conveyed by warrant by the Land Office, which has operated continuously since William Penn arrived in Pennsylvania in 1682 and began to administer and sell land.  In 1779, the Commonwealth bought out the Proprietorship and assumed title to all public land not yet conveyed and continued to sell land through warrants.

Typically, those warrants conveyed land by warrant in adjacent blocks with no provision for roads.  Attached to this concurring opinion is a typical connecting survey from the Land Office of six land warrants given in what is now Clearfield, Huntington and Centre Counties between 1769 and 1773 conveying approximately 350 acres of land to six different individuals, with a total of approximately 2,000 acres.[2]  There would be similar warrants given to other

---

[2] The attachment comes from the records of the Pennsylvania History and Museum Association, where the Land Office presently resides, at http://www.phmc.state.pa.us/bah/dam/rg/di/r17_522ConnectedDraftAnd OtherMaps/r017_522Map1428_ConnDraft_CentreClearfieldCos_8Tract sWEB.pdf. Other similar records are located at this site.

individuals adjacent to these parcels. One small road is shown on the connecting survey.

In this case the Proprietorship, subsequently, the Commonwealth and those that purchased warrants, would know that private roads would be necessary to pass over the property of another, including theirs, to reach a public road; otherwise, land would be worthless because there would not be a way for most of them to access their land to make beneficial use of their property – why buy it if you can't use it. Simply put, to make constitutional takings analysis for private roads is not in accord with Pennsylvania land law which assumed that such would be allowed.

Perhaps it is for that reason, and the reasons set forth in Judges Leadbetter and Brobson's concurring opinions, that until *In re Opening Private Road for Benefit of O'Reilly*, 5 A.3d 246, 259 (Pa. 2010), "[d]espite the Act's 173-year history and numerous opportunities to review its constitutionality, [the Supreme] Court [had] never determined the Act to be unconstitutional, nor has the Legislature indicated a desire to repeal it." *Id*. at 259 (Eakin, J., dissenting).

Second, if the establishment of a private road is no longer available for a landlocked owner to gain access to his or her property, it may make those who created the landlocked condition liable for damages. While the focus has been on PennDOT's action in taking the property for a highway, this property only became truly landlocked when the Township approved the "Hickory on the Green" land development plan that allowed the *cul de sec* that did not include a way to

reach the O'Reilly property. If the Private Roads Act is not available, the net result is that the Township's approval resulted in a *de facto* taking of the property because it was the action that made the property landlocked and unusable. *See* 53 P.S. §1095 ("Every municipality shall have a general plan of its streets and alleys, parks and playgrounds, including those which have been or may be laid out, but not opened . . . presumably so that when land is developed it will not result in landlocked property.")

However, because I am bound by the Supreme Court decision in *In re Opening Private Road for Benefit of O'Reilly*, I concur in the *per curiam* affirmance.

_____
DAN PELLEGRINI, President Judge

Judges Leadbetter, Leavitt and Brobson join.

# Attachment



# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Opening a Private Road :
for the Benefit of Timothy P. O'Reilly :
Over Lands of (a) Hickory on the Green :
Homeowners Association, and (b) Mary :
Lou Sorbara; Gregory E. Burgunder; :
Ann E. Cain; Don E. Cottrill & Norma J. :
Cottrill, h/w; Joseph K. Cupples; James D. :
Dragoo & Linda J. Dragoo, h/w; Kimberly :
M. Fonzi; Brian J. Gallagher & Diane J. :
Gallagher, h/w; Dolores M. Gembarosky; :
Michael J. Gralish, Jr. & Virginia A. Gralish,:
h/w; James Battista; Jeffery W. Hutchens; :
Michael Steinberg; George E. Wilmot & :
Linda M. Wilmot, h/w; Harry J. Lee, Jr.; :
John G. Byrne; S. Greg Malone; Joseph V. :
Mazur & Kelly L. Poole; Thomas C. Schaal :
& Patty G. Schaal, h/w; Regis G. :
Niederberger & Kathleen Niederberger, h/w;:
Gordon J. Orr; Anne M. Paul; Thomas G. :
Porter & Melinda D. Porter, h/w; Joseph :
Alan Shrager; Eric H. Rittenhouse & :
Danielle L. Rittenhouse, h/w; Lisa A. :
Cusick; Jerome Schmier & Carol Falo, :
h/w; Nancy J. Huff; Marcus A. Spatafore & :
Kristin C. Spatafore, h/w; William E. :
Sprecher & Marcellene Sprecher, h/w, and :
Frank J. Sprecher & Agnes E. Sprecher, :
h/w, life estate; Roxanne M. Squillante; :
Susan C. Stanko; Shanan R. Stewart; :
Gerald W. Danhires & Linda Danhires, :
h/w; Gregory Taylor; Giana M. Yeckley; :
Dennis M. Zamerski & Noreen Zamerski, :
h/w; Betty B. Williams & Leon :
Williams (Co-Trustees); Micheline Stabile; :
William F. Pitzer; Janet Zewe; Franki R. :
Colangelo; Karen R. Billingham; Roman M. :
Hlutkowski; Virginia L. Knaus, Trustee :
Under Qualified Personal Residence Trust :
Agreement, dated July 27, 2000; Joan L. :
Massella; Donna Durkan; Geraldine R. :

Altenhof; Aprajita Rathore & Ravi                    :
Ramamoorthy, h/w; James E. Spence &                  :
Kathy F. Spence, h/w; Tracy West Maone;              :
Jennifer A. Callery; The Judith F. Koblitz           :
Trust; Adrianna F. Viola; Dorothy D.                 :
Wagner; Spitzig Living Trust and William             :
A. Spitzig and Marilyn J. Spitzig (Trustees);        :
Sandra Jean Hanson, Thomas C. Skena;                 :
Zaraf Moshin; Paul W. Amic & Carole L.               :
Amic, h/w; Margaret M. Showalter; James              :
P. Flannery & Patricia C. Flannery, h/w;             :
Deborah A. Gertz; Carol L. Schartner; John           :
A. Udischas & Susan C. Udischas, h/w;                :
Donna M. Bartko; Kyli J. Martin;                     :
Frederick Rapone Sr. & Roberta Rapone,               :
h/w; Amy R. Solomon; Richard M. Buck &               :
Barbara L. Buck, h/w; Arlene Lipton;                 :
William G. Eiler; Catherine M. Smith;                :
David J. Carroll; Mildred K. Fincke;                 :
Margaret M. Cornelluis; Joseph A. Testa              :
& Margaret J. Testa, h/w; Candace L.                 :
Salvini; A. Whitney Lobdell & Roberta S.             :
Lobdell, h/w; Ronald G. Bauer & Teresa L.            :
Bauer, h/w; Anna Marie Cimarolli; Jor R.             :
Palmer & Ann D. Palmer, h/w; Rita V.                 :
Frizlen; Joseph J. Astorino & Marilyn                :
Astorino, h/w; Thomas S. Phillips;                   :
John A. Gercher; Naomi H. Patton;                    :
Stanley A. Hack & Christine E. Hack, h/w;            :
Melissa J. Schiller & Melanie M. Schiller;           :
John Schlater & Paulette Schlater, h/w;              :
William J. Garrity, Sr. & Patricia Ann               :
Garrity, h/w; Archie L. McIntyre;                    :
Clarence Joseph Welter & Mara Welter,                :
h/w; Lisbeth A. Dineen; Charles W. Fetrow            :
& Margaret A. Fetrow, h/w; Jocelyn                   :
Breakwell; Mark A. Petrozza & Dorothy M.             :
Petrozza, h/w; Jamie A. Brace, as their              :
interest may appear;                                 :
                                                     :
Timothy P. O'Reilly,                                 :
                          Appellant                  :

|  | : |  |
| --- | --- | --- |
| v. | : | No. 520 C.D. 2013 |
|  | : | Argued: November 13, 2013 |

(a) Hickory on the Green Homeowners
Association, and (b) Mary Lou Sorbara; :
Gregory E. Burgunder; Ann E. Cain; :
Don E. Cottrill & Norma J. Cottrill, h/w; :
Joseph K. Cupples; James D. Dragoo & :
Linda J. Dragoo, h/w; Kimberly M. Fonzi; :
Brian J. Gallagher & Diane J. Gallagher, :
h/w; Dolores M. Gembarosky; Michael J. :
Gralish, Jr. & Virginia A. Gralish, h/w; :
James Battista; Jeffery W. Hutchens; :
Michael Steinberg; George E. Wilmot & :
Linda M. Wilmot, h/w; Harry J. Lee, Jr.; :
John G. Byrne; S. Greg Malone; Joseph V. :
Mazur & Kelly L. Poole; Thomas C. Schaal :
& Patty G. Schaal, h/w; Regis G. :
Niederberger & Kathleen Niederberger, :
h/w; Gordon J. Orr; Anne M. Paul; :
Thomas G. Porter & Melinda D. Porter, :
h/w; Joseph Alan Shrager; Eric H. :
Rittenhouse & Danielle L. Rittenhouse, h/w; :
Lisa A. Cusick; Jerome Schmier & Carol :
Falo, h/w; Nancy J. Huff; Marcus A. :
Spatafore & Kristin C. Spatafore, h/w; :
William E. Sprecher & Marcellene :
Sprecher, h/w, and Frank J. Sprecher & :
Agnes E. Sprecher, h/w, life estate; Roxanne :
M. Squillante; Susan C. Stanko; Shanan R. :
Stewart; Gerald W. Danhires & Linda :
Danhires, h/w; Gregory Taylor; Giana M. :
Yeckley; Dennis M. Zamerski & Noreen :
Zamerski, h/w; Betty B. Williams & :
Leon Williams (Co-Trustees); Micheline :
Stabile; William F. Pitzer; Janet Zewe; :
Frank R. Colangelo; Karen R. Billingham; :
Roman M. Hlutkowski; Virginia L. Knaus, :
Trustee Under Qualified Personal Residence :
Trust Agreement, dated July 27, 2000; Joan :
L. Massella; Donna Durkan; Geraldine R. :
Altenhof; Aprajita Rathore & Ravi :
Ramomoorthy, h/w; James E. Spence & :

Kathy F. Spence, h/w; Tracy West Maone; :
Jennifer A. Callery; The Judith F. :
Koblitz Trust; Adrianna F. Viola; Dorothy :
D. Wagner; Spitzig Living Trust and :
William A. Spitzig and Marilyn J. Spitzig :
(Trustees); Sandra Jean Hanson, Thomas C. :
Skena; Zaraf Moshin; Paul W. Amic & :
Carole L. Amic, h/w; Margaret M. :
Showalter; James P. Flannery & :
Patricia C. Flannery, h/w; Deborah A. Gertz;:
Carol L. Schartner; John A. Udischas & :
Susan C. Udischas, h/w; Donna M. Bartko; :
Kyli J. Martin; Frederick Rapone Sr. & :
Roberta Rapone, h/w; Amy R. Solomon; :
Richard M. Buck & Barbara L. Buck, h/w; :
Arlene Lipton; William G. Eiler; :
Catherine M. Smith; David J. Carroll; :
Mildred K. Fincke; Margaret M. Cornelluis; :
Joseph A. Testa & Margaret J. Testa, h/w; :
Candace L. Salvini; A. Whitney Lobdell & :
Roberta S. Lobdell, h/w; Ronald G. Bauer :
& Teresa L. Bauer, h/w; Anna Marie :
Cimarolli; Jor R. Palmer & Ann D. Palmer, :
h/w; Rita V. Frizlen; Joseph J. Astorino & :
Marilyn Astorino, h/w; Thomas S. Phillips; :
John A. Gercher; Naomi H. Patton; :
Stanley A. Hack & Christine E. Hack, h/w; :
Melissa J. Schiller & Melanie M. Schiller; :
John Schlater & Paulette Schlater, h/w; :
William J. Garrity, Sr. & Patricia Ann :
Garrity, h/w; Archie L. McIntyre; Clarence :
Joseph Welter & Mara Welter, h/w; :
Lisbeth A. Dineen; Charles W. Fetrow & :
Margaret A. Fetrow, h/w; Jocelyn :
Breakwell; Mark A. Petrozza & Dorothy :
M. Petrozza, h/w; Jamie A. Brace, as their :
interest may appear :

**BEFORE:** **HONORABLE DAN PELLEGRINI,** President Judge
**HONORABLE BONNIE BRIGANCE LEADBETTER,** Judge
**HONORABLE RENÉE COHN JUBELIRER,** Judge
**HONORABLE ROBERT SIMPSON,** Judge

**HONORABLE MARY HANNAH LEAVITT,** Judge
**HONORABLE P. KEVIN BROBSON,** Judge
**HONORABLE ANNE E. COVEY,** Judge


**CONCURRING OPINION**
**BY JUDGE LEADBETTER**                        **FILED:  August 27, 2014**


Because I agree that the majority, like the trial court in this case, has faithfully applied the principles enunciated by our Supreme Court in *In re: Opening a Private Road (O'Reilly)*, 5 A.3d 246 (Pa. 2010) [*O'Reilly II*], I concur in the result reached by the court.

I write separately, however, to express my view that in *O'Reilly II,* the dissent, authored by Mr. Justice Eakin, had it right. First, as there noted, the Private Road Act[1] has a long history of constitutional acceptance, and I can discern neither sound policy considerations nor constitutional mandate to justify a change of view. As further noted, the Act is "akin to the common law doctrine of easement by necessity, which has long been used to allow a landlocked landowner to access a public highway over another's private land when no other relief is available." 5 A.3d at 259. Is this long established doctrine also to be eviscerated by subjecting it to the "primary and paramount public purpose" limitation? It can hardly be disputed that enabling access to land so that it can be used, occupied and taxed at its true value provides a benefit to the community at large. Indeed, I see little, if any, qualitative difference of public purpose between turning fallow lands into productive ones and eliminating blight by condemning property for development by private entities, a purpose which has clearly been found to pass constitutional

---

[1] Act of June 13, 1836, P.L. 551, *as amended,* 36 P.S. §§ 2731-2891.

muster. *See Kelo v. City of New London*, 545 U.S. 469 (2005). In many ways, they are simply urban and rural counterparts.

Moreover, as noted by the *O'Reilly II* dissent, the 2006 amendment to Section 204(b)(9) of the Eminent Domain Code[2] shows the General Assembly's legislative judgment that access to landlocked property serves the public interest. In my view, where both public and private interests are substantially enhanced, any attempt to weigh the value of these benefits to determine which is "paramount" is too much an exercise of comparing apples to oranges. Each involves a panoply of short term and long term, quality of life and financial impacts whose value cannot be compared by any objective measure. In short, if the public obtains a substantial benefit, and just compensation is paid, I believe the constitution is satisfied.

Finally, I agree that putting the burden on our trial courts to look for additional factual indicia of "interconnectedness" between a highway project which landlocked the property and resort to the Act is a burdensome waste of judicial resources, which will be repeated each time one of these cases is filed. I am at a loss to see what additional facts could be found beyond the obvious cause and effect present here, and found insufficient in *O'Reilly II.* Even if contemplation of resort to the Act at the time of the highway condemnation and prompt action thereon is shown, how do these factors enhance the prospect that the public is the primary and paramount beneficiary of the proposed *private* road? Once the public has its highway, the subsequent unlocking of landlocked property provides no

---

[2] 26 Pa.C.S. § 204(a), (b)(9). This provision states that the prohibition against the use of eminent domain for private purposes does not apply where, "[t]he property is to be used for any road...to be acquired to provide access to a public thoroughfare for a property which would be otherwise inaccessible as the result of the use of eminent domain."

more benefit to the public than in any other circumstance in which the Act is invoked. In all cases, the petitioner will own property which cannot be used because it is landlocked, and will seek to make his land productive by use of a private road across the land of his neighbor(s). This either serves the requisite public purpose or it does not, and it seems to me that, while not declaring the Act per se unconstitutional, *O'Reilly II* has, for all intents and purposes rendered the Act constitutionally unenforceable.

For this reason, my concern goes beyond a mere disagreement over policy, *stare decisis* or constitutional theory. We cannot know how many hundreds, or even thousands, of landlocked parcels exist in Pennsylvania. Until *O'Reilly II*, each citizen who owned such a parcel had a legal right to gain access to his property for the cost of building a private road over neighboring land. Undoubtedly, purchasers of such land paid a price which represented its value depreciated by the financial burden of its lack of access at the time of sale. Nonetheless, with rare exception, the landlocked property had value, and in some cases substantial value, which would have been reflected in the price paid in an arm's length transaction. Others have had a portion of their property landlocked by an exercise of eminent domain, like the highway project in this case. While those owners were surely compensated for the reduction in value of their property, they would not have been paid the full value of the landlocked parcel.

Now, with the stroke of a pen, the *O'Reilly II* decision has rendered those parcels forever inaccessible and thus unusable and essentially worthless. I believe this to be, in a very real sense, a taking without compensation,[3] a

---

[3] Further (although not raised by the parties here), I believe that when the O'Reilly property became landlocked, a cause of action accrued under the Private Road Act to its owners and their
**(Footnote continued on next page…)**

constitutional harm which far outweighs the more theoretical countervailing constitutional concerns expressed in *O'Reilly II*. Accordingly, were we not bound by that holding, I would reverse the trial court and allow this private road action to go forward.

_____

**BONNIE BRIGANCE LEADBETTER,**
Judge

President Judge Pellegrini, Judges Simpson, Leavitt, Brobson, and Covey join in this Concurring Opinion.

_____

**(continued…)**
successors in title. Thus, under the Remedies Clause of the Pennsylvania Constitution, the legislature could not strip away this vested right by repeal of the Act. *See Ieropoli v. AC&S Corp.*, 842 A.2d 919 (Pa. 2002); *Gibson v. Commonwealth*, 415 A.2d 80 (Pa. 1980). Long ago our Supreme Court stated:

> A law can be repealed by the law giver; but the rights which have been acquired under it, while it was in force, do not thereby cease. It would be an absolute injustice to abolish with the law all the effects it had produced. This is a principle of general jurisprudence; but a right to be within its protection must be a vested right.

*Gibson* at 83, quoting *Lewis v Pennsylvania R.R. Co.*, 69 A. 821 (Pa. 1908). I believe this principle should not depend upon whether a vested right is abrogated by legislative or judicial action.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Opening a Private Road                            :
for the Benefit of Timothy P. O'Reilly                   :
Over Lands of (a) Hickory on the Green                   :
Homeowners Association, and (b) Mary                     :
Lou Sorbara; Gregory E. Burgunder;                       :
Ann E. Cain; Don E. Cottrill & Norma J.                  :
Cottrill, h/w; Joseph K. Cupples; James D.               :
Dragoo & Linda J. Dragoo, h/w; Kimberly                  :
M. Fonzi; Brian J. Gallagher & Diane J.                  :
Gallagher, h/w; Dolores M. Gembarosky;                   :
Michael J. Gralish, Jr. & Virginia A. Gralish,:
h/w; James Battista; Jeffery W. Hutchens;                :
Michael Steinberg; George E. Wilmot &                    :
Linda M. Wilmot, h/w; Harry J. Lee, Jr.;                 :
John G. Byrne; S. Greg Malone; Joseph V.                 :
Mazur & Kelly L. Poole; Thomas C. Schaal                 :
& Patty G. Schaal, h/w; Regis G.                         :
Niederberger & Kathleen Niederberger, h/w;:
Gordon J. Orr; Anne M. Paul; Thomas G.                   :
Porter & Melinda D. Porter, h/w; Joseph                  :
Alan Shrager; Eric H. Rittenhouse &                      :
Danielle L. Rittenhouse, h/w; Lisa A.                    :
Cusick; Jerome Schmier & Carol Falo,                     :
h/w; Nancy J. Huff; Marcus A. Spatafore & :
Kristin C. Spatafore, h/w; William E.                    :
Sprecher & Marcellene Sprecher, h/w, and                 :
Frank J. Sprecher & Agnes E. Sprecher,                   :
h/w, life estate; Roxanne M. Squillante;                 :
Susan C. Stanko; Shanan R. Stewart;                      :
Gerald W. Danhires & Linda Danhires,                     :
h/w; Gregory Taylor; Giana M. Yeckley;                   :
Dennis M. Zamerski & Noreen Zamerski,                    :
h/w; Betty B. Williams & Leon                            :
Williams (Co-Trustees); Micheline Stabile;               :
William F. Pitzer; Janet Zewe; Franki R.                 :
Colangelo; Karen R. Billingham; Roman M. :
Hlutkowski; Virginia L. Knaus, Trustee                   :
Under Qualified Personal Residence Trust                 :
Agreement, dated July 27, 2000; Joan L.                  :
Massella; Donna Durkan; Geraldine R.                     :

Altenhof; Aprajita Rathore & Ravi Ramamoorthy, h/w; James E. Spence & Kathy F. Spence, h/w; Tracy West Maone; Jennifer A. Callery; The Judith F. Koblitz Trust; Adrianna F. Viola; Dorothy D. Wagner; Spitzig Living Trust and William A. Spitzig and Marilyn J. Spitzig (Trustees); Sandra Jean Hanson, Thomas C. Skena; Zaraf Moshin; Paul W. Amic & Carole L. Amic, h/w; Margaret M. Showalter; James P. Flannery & Patricia C. Flannery, h/w; Deborah A. Gertz; Carol L. Schartner; John A. Udischas & Susan C. Udischas, h/w; Donna M. Bartko; Kyli J. Martin; Frederick Rapone Sr. & Roberta Rapone, h/w; Amy R. Solomon; Richard M. Buck & Barbara L. Buck, h/w; Arlene Lipton; William G. Eiler; Catherine M. Smith; David J. Carroll; Mildred K. Fincke; Margaret M. Cornelluis; Joseph A. Testa & Margaret J. Testa, h/w; Candace L. Salvini; A. Whitney Lobdell & Roberta S. Lobdell, h/w; Ronald G. Bauer & Teresa L. Bauer, h/w; Anna Marie Cimarolli; Jor R. Palmer & Ann D. Palmer, h/w; Rita V. Frizlen; Joseph J. Astorino & Marilyn Astorino, h/w; Thomas S. Phillips; John A. Gercher; Naomi H. Patton; Stanley A. Hack & Christine E. Hack, h/w; Melissa J. Schiller & Melanie M. Schiller; John Schlater & Paulette Schlater, h/w; William J. Garrity, Sr. & Patricia Ann Garrity, h/w; Archie L. McIntyre; Clarence Joseph Welter & Mara Welter, h/w; Lisbeth A. Dineen; Charles W. Fetrow & Margaret A. Fetrow, h/w; Jocelyn Breakwell; Mark A. Petrozza & Dorothy M. Petrozza, h/w; Jamie A. Brace, as their interest may appear;

Timothy P. O'Reilly,

                        Appellant

|  |  |  |
|---|---|---|
| v. | : | No. 520 C.D. 2013 |
|  | : |  |
| (a) Hickory on the Green Homeowners | : | Argued: November 13, 2013 |
| Association, and (b) Mary Lou Sorbara; | : |  |
| Gregory E. Burgunder; Ann E. Cain; | : |  |
| Don E. Cottrill & Norma J. Cottrill, h/w; | : |  |
| Joseph K. Cupples; James D. Dragoo & | : |  |
| Linda J. Dragoo, h/w; Kimberly M. Fonzi; | : |  |
| Brian J. Gallagher & Diane J. Gallagher, | : |  |
| h/w; Dolores M. Gembarosky; Michael J. | : |  |
| Gralish, Jr. & Virginia A. Gralish, h/w; | : |  |
| James Battista; Jeffery W. Hutchens; | : |  |
| Michael Steinberg; George E. Wilmot & | : |  |
| Linda M. Wilmot, h/w; Harry J. Lee, Jr.; | : |  |
| John G. Byrne; S. Greg Malone; Joseph V. | : |  |
| Mazur & Kelly L. Poole; Thomas C. Schaal | : |  |
| & Patty G. Schaal, h/w; Regis G. | : |  |
| Niederberger & Kathleen Niederberger, | : |  |
| h/w; Gordon J. Orr; Anne M. Paul; | : |  |
| Thomas G. Porter & Melinda D. Porter, | : |  |
| h/w; Joseph Alan Shrager; Eric H. | : |  |
| Rittenhouse & Danielle L. Rittenhouse, h/w; | : |  |
| Lisa A. Cusick; Jerome Schmier & Carol | : |  |
| Falo, h/w; Nancy J. Huff; Marcus A. | : |  |
| Spatafore & Kristin C. Spatafore, h/w; | : |  |
| William E. Sprecher & Marcellene | : |  |
| Sprecher, h/w, and Frank J. Sprecher & | : |  |
| Agnes E. Sprecher, h/w, life estate; Roxanne | : |  |
| M. Squillante; Susan C. Stanko; Shanan R. | : |  |
| Stewart; Gerald W. Danhires & Linda | : |  |
| Danhires, h/w; Gregory Taylor; Giana M. | : |  |
| Yeckley; Dennis M. Zamerski & Noreen | : |  |
| Zamerski, h/w; Betty B. Williams & | : |  |
| Leon Williams (Co-Trustees); Micheline | : |  |
| Stabile; William F. Pitzer; Janet Zewe; | : |  |
| Frank R. Colangelo; Karen R. Billingham; | : |  |
| Roman M. Hlutkowski; Virginia L. Knaus, | : |  |
| Trustee Under Qualified Personal Residence | : |  |
| Trust Agreement, dated July 27, 2000; Joan | : |  |
| L. Massella; Donna Durkan; Geraldine R. | : |  |
| Altenhof; Aprajita Rathore & Ravi | : |  |
| Ramomoorthy, h/w; James E. Spence & | : |  |
| Kathy F. Spence, h/w; Tracy West Maone; | : |  |

Jennifer A. Callery; The Judith F.                          :
Koblitz Trust; Adrianna F. Viola; Dorothy                   :
D. Wagner; Spitzig Living Trust and                         :
William A. Spitzig and Marilyn J. Spitzig                   :
(Trustees); Sandra Jean Hanson, Thomas C.                   :
Skena; Zaraf Moshin; Paul W. Amic &                         :
Carole L. Amic, h/w; Margaret M.                            :
Showalter; James P. Flannery &                              :
Patricia C. Flannery, h/w; Deborah A. Gertz;                :
Carol L. Schartner; John A. Udischas &                      :
Susan C. Udischas, h/w; Donna M. Bartko;                    :
Kyli J. Martin; Frederick Rapone Sr. &                      :
Roberta Rapone, h/w; Amy R. Solomon;                        :
Richard M. Buck & Barbara L. Buck, h/w;                     :
Arlene Lipton; William G. Eiler;                            :
Catherine M. Smith; David J. Carroll;                       :
Mildred K. Fincke; Margaret M. Cornelluis;                  :
Joseph A. Testa & Margaret J. Testa, h/w;                   :
Candace L. Salvini; A. Whitney Lobdell &                    :
Roberta S. Lobdell, h/w; Ronald G. Bauer                    :
& Teresa L. Bauer, h/w; Anna Marie                          :
Cimarolli; Jor R. Palmer & Ann D. Palmer,                   :
h/w; Rita V. Frizlen; Joseph J. Astorino &                  :
Marilyn Astorino, h/w; Thomas S. Phillips;                  :
John A. Gercher; Naomi H. Patton;                           :
Stanley A. Hack & Christine E. Hack, h/w;                   :
Melissa J. Schiller & Melanie M. Schiller;                  :
John Schlater & Paulette Schlater, h/w;                     :
William J. Garrity, Sr. & Patricia Ann                      :
Garrity, h/w; Archie L. McIntyre; Clarence                  :
Joseph Welter & Mara Welter, h/w;                           :
Lisbeth A. Dineen; Charles W. Fetrow &                      :
Margaret A. Fetrow, h/w; Jocelyn                            :
Breakwell; Mark A. Petrozza & Dorothy                       :
M. Petrozza, h/w; Jamie A. Brace, as their                  :
interest may appear                                         :

BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
          HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE ROBERT SIMPSON, Judge
          HONORABLE MARY HANNAH LEAVITT, Judge
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ANNE E. COVEY, Judge


**CONCURRING OPINION**
**BY JUDGE COHN JUBELIRER**                    **FILED:  August 27, 2014**


        I agree that the majority, like the trial court, has faithfully applied the principles set forth in In re: Opening a Private Road (O'Reilly), 5 A.3d 246 (Pa. 2010) (O'Reilly II).  I write separately, however, because I believe that our Supreme Court's decision in O'Reilly II establishes a framework for balancing the competing constitutional interests of the property owner seeking a private road with the neighboring property owner whose land is being taken to provide the neighbor's private road, in addition to the public interest.  While I appreciate the serious concerns expressed in the other concurring opinions in this case, they may undervalue the rights of neighboring property owners whose land, pursuant to what is commonly known as the Private Road Act,[1] is being permanently taken for the private benefit of another.


        As our Supreme Court explained in O'Reilly II, actions pursuant to the Private Road Act are "takings" because the imposition of a private road is "a physical invasion and permanent occupation of private property."  O'Reilly II, 5

---

[1] Act of June 13, 1836, P.L. 551, as amended, 36 P.S. §§ 2731-2891.

A.3d at 257. Because both the Constitutions of the United States and the Commonwealth protect private property rights, there is a requirement that private property can only be taken to serve a public purpose. Requiring that the public must be the "primary and paramount beneficiary of the taking" and that indirect benefits to the public are insufficient to establish a sufficient public purpose to take private property, even under the Private Road Act, is an important Constitutional limitation on a private citizen's ability to take neighboring property. Id. at 258. Relying on indirect public benefits, such as a property's ability to be used, occupied or taxed at its true value, to support the grant of a private road in favor of a private landowner may not adequately protect against the harm the creation of that private road may cause to the neighboring property owner.

Application of the Private Road Act requires a very complex balancing of competing policies and constitutional interests. The concurring opinions question whether, subsequent to O'Reilly II, there is an inability to use the Private Road Act to gain access to landlocked parcels which constitutes a further taking of those parcels without compensation and renders those parcels worthless. In Re: Opening a Private Road (O'Reilly), __ A.3d __, __ (Pa. Cmwlth., No. 520 C.D. 2013, filed August 27, 2014) (Leadbetter, J., concurring), slip op. at 7 (O'Reilly IV); O'Reilly IV, __ A.3d at __ (Brobson, J., concurring), slip op. at 6. At the same time there is also a recognition that the "purchasers of such land paid a price which represented its value depreciated by the financial burden of its lack of access at the time of the sale" and that the owners of the properties that became landlocked "were surely compensated for the reduction in value of their property." O'Reilly IV, __ A.3d at __ (Leadbetter, J., concurring), slip op. at 7. Thus, both the original landowner and

RCJ-2

the subsequent purchaser of the property who now want a private road have been compensated for a lack of access to the landlocked parcels, either directly from the Commonwealth when the landlocked condition was created or in the form of a reduced purchase price. There is no easy way to resolve these disputes. However, I believe the principles articulated by the Supreme Court in O'Reilly II, which focus on "whether the public is fairly regarded as the primary and paramount beneficiary," O'Reilly II, 5 A.3d at 258, provide a measure of necessary constitutional protection before there can be a permanent taking of the land of one property owner to provide a private benefit to a second property owner who either was already compensated for the loss of access at the time it occurred or purchased the property subsequently at a depreciated price.


_____
**RENÉE COHN JUBELIRER, Judge**

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Opening a Private Road : 
for the Benefit of Timothy P. : 
O'Reilly Over Lands of (a) Hickory : 
on the Green Homeowners : 
Association, and (b) Mary Lou : 
Sorbara; Gregory E. Burgunder; : 
Ann E. Cain; Don E. Cottrill & : 
Norma J. Cottrill, h/w; Joseph K. : 
Cupples; James D. Dragoo & : 
Linda J. Dragoo, h/w; Kimberly M. : 
Fonzi; Brian J. Gallagher & Diane J. : 
Gallagher, h/w; Dolores M. : 
Gembarosky; Michael J. Gralish, Jr. : 
& Virginia A. Gralish, h/w; James : 
Battista; Jeffery W. Hutchens; : 
Michael Steinberg; George E. : 
Wilmot & Linda M. Wilmot, h/w; : 
Harry J. Lee, Jr.; John G. Byrne; : 
S. Greg Malone; Joseph V. Mazur : 
& Kelly L. Poole; Thomas C. Schaal : 
& Patty G. Schaal, h/w; Regis G. : 
Niederberger & Kathleen Niederberger, : 
h/w; Gordon J. Orr; Anne M. Paul; : 
Thomas G. Porter & Melinda D. : 
Porter, h/w; Joseph Alan Shrager; : 
Eric H. Rittenhouse & Danielle L. : 
Rittenhouse, h/w; Lisa A. Cusick; : 
Jerome Schmier & Carol Falo, h/w; : 
Nancy J. Huff; Marcus A. Spatafore : 
& Kristin C. Spatafore, h/w; William E. : 
Sprecher & Marcellene Sprecher, h/w, : 
and Frank J. Sprecher & Agnes E. : 
Sprecher, h/w, life estate; Roxanne : 
M. Squillante; Susan C. Stanko; : 
Shanan R. Stewart; Gerald W. : 
Danhires & Linda Danhires, h/w; : 
Gregory Taylor; Giana M. Yeckley; : 
Dennis M. Zamerski & Noreen : 
Zamerski, h/w; Betty B. Williams : 
& Leon Williams (Co-Trustees); :

Micheline Stabile; William F. Pitzer;          :
Janet Zewe; Franki R. Colangelo;               :
Karen R. Billingham; Roman M.                  :
Hlutkowski; Virginia L. Knaus,                 :
Trustee Under Qualified Personal               :
Residence Trust Agreement, dated               :
July 27, 2000; Joan L. Massella;               :
Donna Durkan; Geraldine R.                     :
Altenhof; Aprajita Rathore &                   :
Ravi Ramamoorthy, h/w; James                   :
E. Spence & Kathy F. Spence, h/w;              :
Tracy West Maone; Jennifer A.                  :
Callery; The Judith F. Koblitz Trust;          :
Adrianna F. Viola; Dorothy D.                  :
Wagner; Spitzig Living Trust and               :
William A. Spitzig and Marilyn J.              :
Spitzig (Trustees); Sandra Jean                :
Hanson, Thomas C. Skena; Zaraf                 :
Moshin; Paul W. Amic & Carole L.               :
Amic, h/w; Margaret M. Showalter;              :
James P. Flannery & Patricia C.                :
Flannery, h/w; Deborah A. Gertz;               :
Carol L. Schartner; John A.                    :
Udischas & Susan C. Udischas, h/w;             :
Donna M. Bartko; Kyli J. Martin;               :
Frederick Rapone Sr. & Roberta                 :
Rapone, h/w; Amy R. Solomon;                   :
Richard M. Buck & Barbara L. Buck,             :
h/w; Arlene Lipton; William G. Eiler;          :
Catherine M. Smith; David J. Carroll;          :
Mildred K. Fincke; Margaret M.                 :
Cornelluis; Joseph A. Testa &                  :
Margaret J. Testa, h/w; Candace                :
L. Salvini; A. Whitney Lobdell &               :
Roberta S. Lobdell, h/w; Ronald G.             :
Bauer & Teresa L. Bauer, h/w; Anna             :
Marie Cimarolli; Jor R. Palmer &               :
Ann D. Palmer, h/w; Rita V. Frizlen;           :
Joseph J. Astorino & Marilyn Astorino,         :
h/w; Thomas S. Phillips; John A.               :
Gercher; Naomi H. Patton; Stanley A.           :
Hack & Christine E. Hack, h/w;                 :

Melissa J. Schiller & Melanie M.                 :
Schiller; John Schlater & Paulette               :
Schlater, h/w; William J. Garrity,               :
Sr. & Patricia Ann Garrity, h/w;                 :
Archie L. McIntyre; Clarence Joseph              :
Welter & Mara Welter, h/w;                       :
Lisbeth A. Dineen; Charles W.                     :
Fetrow &  Margaret A. Fetrow, h/w;               :
Jocelyn Breakwell; Mark A. Petrozza               :
& Dorothy M. Petrozza, h/w; Jamie                 :
A. Brace, as their interest may appear;          :
                                                  :
Timothy P. O'Reilly,                              :
                    Appellant                     :
                                                  :
                                                  :
            v.                                    :  No. 520 C.D. 2013
                                                  :  Argued:  November 13, 2013
(a)Hickory on the Green                           :
Homeowners Association, and                       :
(b) Mary Lou Sorbara; Gregory                     :
E. Burgunder; Ann E. Cain;                        :
Don E. Cottrill & Norma J.                        :
Cottrill, h/w;Joseph K. Cupples;                  :
James D. Dragoo & Linda J. Dragoo,                :
h/w; Kimberly M. Fonzi; Brian J.                  :
Gallagher & Diane J. Gallagher, h/w;              :
Dolores M. Gembarosky; Michael J.                 :
Gralish, Jr. & Virginia A. Gralish,               :
h/w; James Battista; Jeffery W.                   :
Hutchens; Michael Steinberg;                      :
George E. Wilmot & Linda M.                       :
Wilmot, h/w; Harry J. Lee, Jr.;                   :
John G. Byrne; S. Greg Malone;                    :
Joseph V. Mazur & Kelly L. Poole;                 :
Thomas C. Schaal & Patty G. Schaal,               :
h/w; Regis G. Niederberger                        :
& Kathleen Niederberger, h/w;                     :
Gordon J. Orr; Anne M. Paul;                      :
Thomas G. Porter & Melinda D.                     :
Porter, h/w; Joseph Alan Shrager;                 :
Eric H. Rittenhouse & Danielle L.                 :

Rittenhouse, h/w; Lisa A. Cusick; :
Jerome Schmier & Carol Falo, h/w; :
Nancy J. Huff; Marcus A. Spatafore :
& Kristin C. Spatafore, h/w; :
William E. Sprecher & Marcellene :
Sprecher, h/w, and Frank J. :
Sprecher & Agnes E. Sprecher, h/w, :
life estate; Roxanne M. Squillante; :
Susan C. Stanko; Shanan R. Stewart; :
Gerald W. Danhires & Linda Danhires, :
h/w; Gregory Taylor; Giana M. :
Yeckley; Dennis M. Zamerski & :
Noreen Zamerski, h/w; Betty B. :
Williams & Leon Williams :
(Co-Trustees); Micheline Stabile; :
William F. Pitzer; Janet Zewe; :
Frank R. Colangelo; Karen R. :
Billingham; Roman M. Hlutkowski; :
Virginia L. Knaus, Trustee Under :
Qualified Personal Residence Trust :
Agreement, dated July 27, 2000; :
Joan L. Massella; Donna Durkan; :
Geraldine R. Altenhof; Aprajita :
Rathore & Ravi Ramomoorthy, h/w; :
James E. Spence & Kathy F. :
Spence, h/w; Tracy West Maone; :
Jennifer A. Callery; :
The Judith F. Koblitz Trust; :
Adrianna F. Viola; Dorot hy D. :
Wagner; Spitzig Living Trust and :
William A. Spitzig and Marilyn J. :
Spitzig (Trustees); Sandra Jean :
Hanson, Thomas C. Skena; Zaraf :
Moshin; Paul W. Amic & Carole L. :
Amic, h/w; Margaret M. Showalter; :
James P. Flannery & Patricia C. :
Flannery, h/w; Deborah A. Gertz; :
Carol L. Schartner; John A. Udischas :
& Susan C. Udischas, h/w; Donna M. :
Bartko; Kyli J. Martin; Frederick :
Rapone Sr. & Roberta Rapone, h/w; :
Amy R. Solomon; Richard M. Buck :

& Barbara L. Buck, h/w; Arlene                    :
Lipton; William G. Eiler; Catherine               :
M. Smith; David J. Carroll; Mildred               :
K. Fincke; Margaret M. Cornelluis;                :
Joseph A. Testa & Margaret J. Testa,              :
h/w; Candace L. Salvini; A. Whitney               :
Lobdell & Roberta S. Lobdell, h/w;                :
Ronald G. Bauer & Teresa L.                       :
Bauer, h/w; Anna Marie Cimarolli;                 :
Jor R. Palmer & Ann D. Palmer, h/w;               :
Rita V. Frizlen; Joseph J. Astorino               :
& Marilyn Astorino, h/w; Thomas S.                :
Phillips; John A. Gercher; Naomi H.               :
Patton; Stanley A. Hack & Christine               :
E. Hack, h/w; Melissa J. Schiller &               :
Melanie M. Schiller; John Schlater &              :
Paulette Schlater, h/w; William J.                :
Garrity, Sr. & Patricia Ann Garrity,              :
h/w; Archie L. McIntyre; Clarence                 :
Joseph Welter & Mara Welter, h/w;                 :
Lisbeth A. Dineen; Charles W.                     :
Fetrow &  Margaret A. Fetrow, h/w;                :
Jocelyn Breakwell; Mark A. Petrozza               :
& Dorothy M. Petrozza, h/w; Jamie A.              :
Brace, as their interest may appear               :


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
           HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge

CONCURRING OPINION
BY JUDGE LEAVITT                              FILED: August 27, 2014

I join the concurring opinions by Judges Pellegrini, Leadbetter and Brobson. I write separately to respond to Judge Cohn Jubelirer's thoughtful concurring opinion. It makes the important point that the property rights of the owner of a landlocked parcel must be balanced against those of the owner of the parcel that becomes the subject of an action brought under the Private Road Act.[1] I agree with that principle. However, I believe that our Supreme Court's opinion in *Opening Private Road for Benefit of O'Reilly*, 5 A.3d 246 (Pa. 2010) (*O'Reilly II*), has tipped the scales in favor of the defendant to such an action.

As noted by our Supreme Court in *O'Reilly II*, the board of viewers is restricted by the provisions of the Private Road Act. It must, first, determine the necessity of a private road, which must "connect such property with the nearest public thoroughfare or private way leading to such public thoroughfare." *Id*. at 248. The board of viewers then "will lay out a private road to cause the least damage to private property." *Id.* Finally, "the owner of the landlocked property [must] pay damages to persons over whose property the new road is built[.]" *Id.*

In other words, the owner of the landlocked property is not entitled to the most scenic entrance to his property or even the most convenient. And, of course, the landlocked property owner must pay for the private road. By these provisions, the General Assembly has struck a fair balance between the rights of neighboring property owners, one of whom owns a landlocked property.

The Private Road Act is the last resort of the landlocked property owner, not the first. It is only where neighbors are not able by negotiation to agree upon the location of an easement or driveway, or upon the amount of compensation that should be paid, that the Private Road Act need be invoked.

---

[1] Act of June 13, 1836, P.L. 551, *as amended,* 36 P.S. §§2731-2891.

With the effective abolition of the Private Road Act, the owner of the landlocked parcel lacks any negotiating leverage. He is at the mercy of his neighbor, who can name any price. Or not. The neighbor may decide to enlarge his own land holdings to include the landlocked parcel by using it for 21 years and then claim title by adverse possession. The landlocked property owner could prevent adverse possession by fencing his parcel, but he will need to engage a helicopter in order to erect that fence.

Since 1735, a version of the Private Road Act has balanced the rights of private landowners to the use and enjoyment of their property and has advanced the public interest in the productive use of land and in keeping the peace between neighbors. I fear that *O'Reilly II* will frustrate these important goals by unduly empowering one neighbor at the expense of the other.

_____
MARY HANNAH LEAVITT, Judge

President Judge Pellegrini, Judge Leadbetter, Judge Simpson, Judge Brobson and Judge Covey join in this concurring opinion.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Opening a Private Road : \
for the Benefit of Timothy P. O'Reilly : \
Over Lands of (a) Hickory on the Green : \
Homeowners Association, and (b) Mary : \
Lou Sorbara; Gregory E. Burgunder; : \
Ann E. Cain; Don E. Cottrill & Norma J. : \
Cottrill, h/w; Joseph K. Cupples; James D. : \
Dragoo & Linda J. Dragoo, h/w; Kimberly : \
M. Fonzi; Brian J. Gallagher & Diane J. : \
Gallagher, h/w; Dolores M. Gembarosky; : \
Michael J. Gralish, Jr. & Virginia A. Gralish,: \
h/w; James Battista; Jeffery W. Hutchens; : \
Michael Steinberg; George E. Wilmot & : \
Linda M. Wilmot, h/w; Harry J. Lee, Jr.; : \
John G. Byrne; S. Greg Malone; Joseph V. : \
Mazur & Kelly L. Poole; Thomas C. Schaal : \
& Patty G. Schaal, h/w; Regis G. : \
Niederberger & Kathleen Niederberger, h/w;: \
Gordon J. Orr; Anne M. Paul; Thomas G. : \
Porter & Melinda D. Porter, h/w; Joseph : \
Alan Shrager; Eric H. Rittenhouse & : \
Danielle L. Rittenhouse, h/w; Lisa A. : \
Cusick; Jerome Schmier & Carol Falo, : \
h/w; Nancy J. Huff; Marcus A. Spatafore & : \
Kristin C. Spatafore, h/w; William E. : \
Sprecher & Marcellene Sprecher, h/w, and : \
Frank J. Sprecher & Agnes E. Sprecher, : \
h/w, life estate; Roxanne M. Squillante; : \
Susan C. Stanko; Shanan R. Stewart; : \
Gerald W. Danhires & Linda Danhires, : \
h/w; Gregory Taylor; Giana M. Yeckley; : \
Dennis M. Zamerski & Noreen Zamerski, : \
h/w; Betty B. Williams & Leon : \
Williams (Co-Trustees); Micheline Stabile; : \
William F. Pitzer; Janet Zewe; Franki R. : \
Colangelo; Karen R. Billingham; Roman M. : \
Hlutkowski; Virginia L. Knaus, Trustee : \
Under Qualified Personal Residence Trust : \
Agreement, dated July 27, 2000; Joan L. : \
Massella; Donna Durkan; Geraldine R. :

Altenhof; Aprajita Rathore & Ravi :
Ramamoorthy, h/w; James E. Spence & :
Kathy F. Spence, h/w; Tracy West Maone; :
Jennifer A. Callery; The Judith F. Koblitz :
Trust; Adrianna F. Viola; Dorothy D. :
Wagner; Spitzig Living Trust and William :
A. Spitzig and Marilyn J. Spitzig (Trustees); :
Sandra Jean Hanson, Thomas C. Skena; :
Zaraf Moshin; Paul W. Amic & Carole L. :
Amic, h/w; Margaret M. Showalter; James :
P. Flannery & Patricia C. Flannery, h/w; :
Deborah A. Gertz; Carol L. Schartner; John :
A. Udischas & Susan C. Udischas, h/w; :
Donna M. Bartko; Kyli J. Martin; :
Frederick Rapone Sr. & Roberta Rapone, :
h/w; Amy R. Solomon; Richard M. Buck & :
Barbara L. Buck, h/w; Arlene Lipton; :
William G. Eiler; Catherine M. Smith; :
David J. Carroll; Mildred K. Fincke; :
Margaret M. Cornelluis; Joseph A. Testa :
& Margaret J. Testa, h/w; Candace L. :
Salvini; A. Whitney Lobdell & Roberta S. :
Lobdell, h/w; Ronald G. Bauer & Teresa L. :
Bauer, h/w; Anna Marie Cimarolli; Jor R. :
Palmer & Ann D. Palmer, h/w; Rita V. :
Frizlen; Joseph J. Astorino & Marilyn :
Astorino, h/w; Thomas S. Phillips; :
John A. Gercher; Naomi H. Patton; :
Stanley A. Hack & Christine E. Hack, h/w; :
Melissa J. Schiller & Melanie M. Schiller; :
John Schlater & Paulette Schlater, h/w; :
William J. Garrity, Sr. & Patricia Ann :
Garrity, h/w; Archie L. McIntyre; :
Clarence Joseph Welter & Mara Welter, :
h/w; Lisbeth A. Dineen; Charles W. Fetrow :
& Margaret A. Fetrow, h/w; Jocelyn :
Breakwell; Mark A. Petrozza & Dorothy M. :
Petrozza, h/w; Jamie A. Brace, as their :
interest may appear; :
:
:
:
Timothy P. O'Reilly, :
                    Appellant :

|  |  |  |
|---|---|---|
| v. | : | No. 520 C.D. 2013 |
|  | : | Argued: November 13, 2013 |
| (a) Hickory on the Green Homeowners | : |  |
| Association, and (b) Mary Lou Sorbara; | : |  |
| Gregory E. Burgunder; Ann E. Cain; | : |  |
| Don E. Cottrill & Norma J. Cottrill, h/w; | : |  |
| Joseph K. Cupples; James D. Dragoo & | : |  |
| Linda J. Dragoo, h/w; Kimberly M. Fonzi; | : |  |
| Brian J. Gallagher & Diane J. Gallagher, | : |  |
| h/w; Dolores M. Gembarosky; Michael J. | : |  |
| Gralish, Jr. & Virginia A. Gralish, h/w; | : |  |
| James Battista; Jeffery W. Hutchens; | : |  |
| Michael Steinberg; George E. Wilmot & | : |  |
| Linda M. Wilmot, h/w; Harry J. Lee, Jr.; | : |  |
| John G. Byrne; S. Greg Malone; Joseph V. | : |  |
| Mazur & Kelly L. Poole; Thomas C. Schaal | : |  |
| & Patty G. Schaal, h/w; Regis G. | : |  |
| Niederberger & Kathleen Niederberger, | : |  |
| h/w; Gordon J. Orr; Anne M. Paul; | : |  |
| Thomas G. Porter & Melinda D. Porter, | : |  |
| h/w; Joseph Alan Shrager; Eric H. | : |  |
| Rittenhouse & Danielle L. Rittenhouse, h/w; | : |  |
| Lisa A. Cusick; Jerome Schmier & Carol | : |  |
| Falo, h/w; Nancy J. Huff; Marcus A. | : |  |
| Spatafore & Kristin C. Spatafore, h/w; | : |  |
| William E. Sprecher & Marcellene | : |  |
| Sprecher, h/w, and Frank J. Sprecher & | : |  |
| Agnes E. Sprecher, h/w, life estate; Roxanne | : |  |
| M. Squillante; Susan C. Stanko; Shanan R. | : |  |
| Stewart; Gerald W. Danhires & Linda | : |  |
| Danhires, h/w; Gregory Taylor; Giana M. | : |  |
| Yeckley; Dennis M. Zamerski & Noreen | : |  |
| Zamerski, h/w; Betty B. Williams & | : |  |
| Leon Williams (Co-Trustees); Micheline | : |  |
| Stabile; William F. Pitzer; Janet Zewe; | : |  |
| Frank R. Colangelo; Karen R. Billingham; | : |  |
| Roman M. Hlutkowski; Virginia L. Knaus, | : |  |
| Trustee Under Qualified Personal Residence | : |  |
| Trust Agreement, dated July 27, 2000; Joan | : |  |
| L. Massella; Donna Durkan; Geraldine R. | : |  |
| Altenhof; Aprajita Rathore & Ravi | : |  |
| Ramomoorthy, h/w; James E. Spence & | : |  |
| Kathy F. Spence, h/w; Tracy West Maone; | : |  |

Jennifer A. Callery; The Judith F. : 
Koblitz Trust; Adrianna F. Viola; Dorothy : 
D. Wagner; Spitzig Living Trust and : 
William A. Spitzig and Marilyn J. Spitzig : 
(Trustees); Sandra Jean Hanson, Thomas C. : 
Skena; Zaraf Moshin; Paul W. Amic & : 
Carole L. Amic, h/w; Margaret M. : 
Showalter; James P. Flannery & : 
Patricia C. Flannery, h/w; Deborah A. Gertz;: 
Carol L. Schartner; John A. Udischas & : 
Susan C. Udischas, h/w; Donna M. Bartko; : 
Kyli J. Martin; Frederick Rapone Sr. & : 
Roberta Rapone, h/w; Amy R. Solomon; : 
Richard M. Buck & Barbara L. Buck, h/w; : 
Arlene Lipton; William G. Eiler; : 
Catherine M. Smith; David J. Carroll; : 
Mildred K. Fincke; Margaret M. Cornelluis; : 
Joseph A. Testa & Margaret J. Testa, h/w; : 
Candace L. Salvini; A. Whitney Lobdell & : 
Roberta S. Lobdell, h/w; Ronald G. Bauer : 
& Teresa L. Bauer, h/w; Anna Marie : 
Cimarolli; Jor R. Palmer & Ann D. Palmer, : 
h/w; Rita V. Frizlen; Joseph J. Astorino & : 
Marilyn Astorino, h/w; Thomas S. Phillips; : 
John A. Gercher; Naomi H. Patton; : 
Stanley A. Hack & Christine E. Hack, h/w; : 
Melissa J. Schiller & Melanie M. Schiller; : 
John Schlater & Paulette Schlater, h/w; : 
William J. Garrity, Sr. & Patricia Ann : 
Garrity, h/w; Archie L. McIntyre; Clarence : 
Joseph Welter & Mara Welter, h/w; : 
Lisbeth A. Dineen; Charles W. Fetrow & : 
Margaret A. Fetrow, h/w; Jocelyn : 
Breakwell; Mark A. Petrozza & Dorothy : 
M. Petrozza, h/w; Jamie A. Brace, as their : 
interest may appear :

**BEFORE:** HONORABLE DAN PELLEGRINI, President Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
HONORABLE RENÉE COHN JUBELIRER, Judge
HONORABLE ROBERT SIMPSON, Judge
HONORABLE MARY HANNAH LEAVITT, Judge
HONORABLE P. KEVIN BROBSON, Judge
HONORABLE ANNE E. COVEY, Judge

**CONCURRING OPINION**
**BY JUDGE BROBSON**                    **FILED:  August 27, 2014**


I must reluctantly concur with the majority's resolution of this appeal.  I write separately in strong support of Judge Leadbetter's concurring opinion, with which I join.

Respectfully, the Pennsylvania Supreme Court's majority decision in *In re Opening a Private Road (O'Reilly)*, 5 A.3d 246 (Pa. 2010) (*O'Reilly II*), imposes a new and perhaps impossible burden of proof on those who, pre-*O'Reilly II*, acquired real property landlocked by an act of eminent domain. These innocent owners, based on long-standing precedent from the courts of this Commonwealth, had every reason to believe that regardless of how much time passes, the Private Road Act (Act),[1] a law in existence in this Commonwealth since 1836, would be available to them at the time they choose to make use of their landlocked property and should they be unable to reach agreement with a neighboring property owner for access.  *See O'Reilly II*, 5 A.3d at 259-60 (Eakin, J., dissenting).  Until such a confluence, which might occur one day or twenty years after the land-locking event, there simply is no necessity for the private road and thus no reason to invoke the Act.  As Judge Leadbetter observes, the majority's decision in *O'Reilly II*, in a way, effected

---

[1] Act of June 13, 1836, P.L. 551, *as amended*, 36 P.S. §§ 2731-2891.

yet another governmental taking of private property without compensation, leaving innocent owners with worthless parcels of land.

 

 

_____

P. KEVIN BROBSON, Judge

President Judge Pellegrini and Judges Leadbetter, Simpson, and Leavitt join in this concurring opinion.